IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL OLSSON, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Case No. 17-CV-3028 |
| v. ) | |
| ) | Judge Manish S. Shah |
| WAYNE BEYER, et. al. ) | |
| ) | JURY DEMAND |
|     Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND INCORPORATED MEMORANDUM**

Defendants Joanne Langley, James Dimas, and Elgin Mental Health Center, by and through their attorney Kwame Raoul, Attorney General for the State of Illinois, pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss Plaintiff's Complaint with prejudice. In support thereof, Defendants state as follows:

**INTRODUCTION**

Plaintiff Paul Olsson brings the instant complaint pursuant to 42 U.S.C. § 1983, alleging violations of his First Amendment right under the United States Constitution. *See* Pl.'s Am. Compl., ECF #82. Plaintiff is currently a resident at the Elgin Mental Health Center ("EMHC"), and has been since 2007. *Id.* at ¶ 1. Through his Amended Complaint, Plaintiff alleges that during his time at EMHC, he has assisted numerous other residents with preparing and filing grievances and legal complaints. *Id.* Plaintiff further alleges that in retaliation for his actions as a "jailhouse lawyer" for himself and his fellow residents, the defendants to this suit have, on numerous occasions, (1) seized Plaintiff's previously approved electronic equipment, (2) subjected Plaintiff to confinement within his unit, (3) forced Plaintiff to withdraw from distance learning classes, (4) banned Plaintiff's outside psychologist from EMHC grounds, and (5) threatened Plaintiff's friends,

1

causing them to cut off communication with him. *Id.* at ¶ 2. Plaintiff also alleges that EMHC has failed, and continues to fail, to provide adequate legal resources and/or assistance to Plaintiff, thereby denying him his right of access to the courts. *Id.* at ¶ 3.

Through this lawsuit, Plaintiff names 20 individual defendants, as well as Elgin Mental Health Center. However, Plaintiff sets forth no facts indicating how or when Defendants Langley or Dimas were involved in any of the allegations contained in his Amended Complaint. Rather, he seems to rely solely upon the fact that Defendant Langley worked at EMHC at the times relevant to his Complaint, and to extrapolate from there that she must have been involved in his allegations. Similarly, he notes only that Defendant Dimas is sued as the Secretary of the Department of Human Services, "who exercises supervisory control over EMHC." Pl.'s Am. Compl. at ¶ 10. Such conclusory allegations are not sufficient to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Additionally, Plaintiff's claim against Elgin Mental Health Center fail for two reasons. First, EMHC is not a "person" suable under Section 1983. Second, as a state agency, EMHC is immune from suit pursuant to the Eleventh Amendment. As such, Plaintiff has failed to state a claim on which relief can be granted pursuant to 42 U.S.C. § 1983 against Defendants Langley and Dimas, as well as EMHC, and his Amended Complaint should be dismissed with prejudice as to those Defendants.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the complaint's sufficiency. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 820-21 (7th Cir. 2009). In ruling on a motion to dismiss under 12(b)(6), the court accepts as true all well-pleaded factual allegations and draws reasonable inferences in favor of the plaintiff. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). A pleading must contain a "short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint may not merely state an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" *Id*. A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663, *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, legal conclusions and "conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id*.

## ARGUMENT

**I.    Plaintiff fails to establish the requisite level of personal involvement by Defendants Langley or Dimas.**

It is well-established that Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *See, e.g., Knox v. Wainscott*, No. 03 C 1429, 2003 WL 21148973, at *10 (N.D. Ill. May 14, 2003). Section 1983 does not create vicarious liability; as such, "[t]o be held liable under 42 U.S.C. § 1983, a supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id.* (citation and internal quotations omitted). Furthermore, the Seventh Circuit has noted that "mere familiarity with [a] plaintiff's situation [does] not support a finding of personal involvement." *De La Paz v. Peters*, 959 F.Supp. 909, 913 (N.D. Ill. 1997) (citing *Crowder v. Lash*, 687 F.2d 996, 1005-06 (7th Cir. 1982)). If such familiarity supported liability under Section 1983, the result would be "to hold any well informed [administrator] personally liable for damages flowing from any constitutional violation occurring at any jail within that [administrator's] jurisdiction . . . . [S]uch a broad theory of liability is

3

inconsistent with the personal responsibility requirement for assessing damages against public officials in a section 1983 action." *Id.* at 914.

Here, Defendant Langley is mentioned in only two of the 162 paragraphs set forth in Plaintiff's Amended Complaint. *See* Pl.'s Am. Compl. at ¶ 42. In the first, she is formally identified as a party to the lawsuit, and in the second, Plaintiff alleges that "[u]pon information and belief, Defendant Dr. Joanne Langley was the administrator at EMHC at this time and would also have participated in the decision" to separate Plaintiff and Abby Grason. *Id.* Plaintiff sets forth no facts indicating when or how Defendant Langley was allegedly involved in the separation of himself from Grason. Rather, he relies solely on the fact that Defendant Langley worked at EMHC at the relevant times, and based upon that fact, draws the conclusion that she must have been involved in any decision regarding his separation from Grason. Such a conclusory allegation directly contradicts a fundamental tenet of liability pursuant to Section 1983 – that a defendant must have been directly and personally involved in the situation that allegedly caused injury to a plaintiff. *See, e.g., Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). As such, Plaintiff has not sufficiently alleged a claim against Defendant Langley, and the Amended Complaint should thus be dismissed as to her.

Plaintiff alleges even fewer facts with regard to Defendant Dimas. The only mention of Defendant Dimas is in Paragraph 10, where he is formally named as a defendant in the suit "in his individual and official capacity as the Secretary of Department of Human Services, who currently exercises supervisory control over EMHC." As an initial matter, Defendant Dimas is no longer the Secretary of the Department of Human Services ("DHS"), and as such is not properly named as a

defendant in his official capacity.[1] Moreover, Plaintiff has failed to allege any direct, personal involvement whatsoever by Defendant Dimas in the allegations set forth in the Amended Complaint. As discussed above, Section 1983 does not create vicarious liability – in order to state a claim for relief under that statute, a plaintiff must allege that a defendant directly caused or participated in the deprivation at issue. *See, e.g., Knox*, 2003 WL 21148973, at *10. Plaintiff has failed to do that with regard to Defendant Dimas, and as such, the Amended Complaint should be dismissed with prejudice as to him.

    **II.    The Eleventh Amendment bars Plaintiff's claims against Elgin Mental Health Center.**

Plaintiff also brings claims against Elgin Mental Health Center, as "a mental health facility located in Elgin, Illinois and operated by the Illinois Department of Health and Human Services." Pl.'s Am. Compl. at ¶ 26. However, Plaintiff's claims against EMHC fail for two reasons. First, EMHC is not a "person" suable under Section 1983. *See, e.g.,* 42 U.S.C. § 1983; *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Second, because EMHC is a facility operated by a state agency, any claims against it, regardless of the type of relief sought, are claims against the State of Illinois, and are thus barred by the Eleventh Amendment. *See, e.g., Bottoms v. Ill. Dept. of Human Servs.*, No. 00 C 1912, 2000 WL 1304794, at *3 (N.D. Ill. Sept. 13, 2000) ("State agencies are immune from suit, subject to two exceptions not applicable in this case, 'regardless of the nature of relief sought.'") (citations omitted).

    It is well-established that a nonconsenting state cannot be sued in federal court, and that a state defendant must be dismissed from federal litigation unless one of two exceptions exists. *See*

---

[1] Grace B. Hou is the current Secretary of the Department of Human Services. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Hou is automatically substituted in as a party in all cases in which former Secretary John Dimas is named in his official capacity as Secretary of DHS.

*Pennhurst v*. Haldeman, 465 U.S. 89, 100-101 (1984); *Kroll v. Bd. Of Trustees of Univ. of Ill.*, 934 F.2d 904, 906 (7th Cir. 1991). "First, a state may by unequivocal language waive the protections of the eleventh amendment and thereby consent to suit in federal court. Second, Congress may by unequivocal language use its enforcement powers. . . to abrogate the states' eleventh amendment immunity." *Id.* In the present case, neither of those two exceptions exists. Additionally, state agencies are treated the same as states – "[i]ndeed, a state agency *is* the state for purposes of the eleventh amendment." *Id.*

The Eleventh Amendment bar to federal jurisdiction over a state and state agencies has been reaffirmed many times, and has been specifically applied to the Illinois Department of Health and Human Services, of which Elgin Mental Health Center is a part. *See e.g., id.* at 907; *Bottoms*, 2000 WL 1304794, at *3; *Scott v. O'Grady*, 975 F.2d 366, 369 (7th Cir. 1992); *see also Trotter v. Klincar*, 748 F.2d 1177, 1181 (7th Cir. 1984); *Walker v. Rowe*, 791 F.2d 507, 508 (7th Cir. 1986). Moreover, even in cases brought under 42 U.S.C. § 1983 raising constitutional claims, the Eleventh Amendment bar remains. *Quern v. Jordan*, 440 U.S. 332 (1979); *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985); *see also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). As such, EMHC is not properly named as a defendant in the instant lawsuit, and Plaintiff's claims against it should thus be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Complaint in its entirety as it pertains to them.

Date: November 20, 2019                             Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

                                        By:    s/Amanda L. Kozar
                                                    AMANDA L. KOZAR
                                                    Assistant Attorney General
                                                    General Law Bureau
                                                    100 W. Randolph St., 13th Fl.
                                                    Chicago, Illinois 60601
                                                    (312) 814-6534
                                                    akozar@atg.state.il.us

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 20, 2019, she electronically filed the foregoing document with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system. All participants in the case are registered CM/ECF users who will be served by the CM/ECF system.

*/s/ Amanda L. Kozar*
